## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **249 MISSOURI AVE COMMUNITY DEVELOPMENT, LLC** )<br>c/o Washington Legal Group, LLC )<br>1666 K Street, NW, Suite 440 )<br>Washington, DC 20006 )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**PHH MORTGAGE CORPORATION** )<br>**Serve**: Corporation Service Company )<br>1090 Vermont Avenue NW )<br>Washington, District of Columbia 20005 )<br>)<br>    Defendant, )<br>)<br>**DGG Re Investments LLC** )<br>**Serve**: Corporation Service Company )<br>1090 Vermont Avenue NW )<br>Washington, District of Columbia 20005 )<br>)<br>    Defendant. )<br>)<br>**HSBC BANK USA, N.A.** )<br>452 Fifth Avenue )<br>New York, NY 10018 )<br>)<br>    Defendant, )<br>)<br>**ACE Securities Corp. Home Equity Loan Trust, Series 2006-0P1** )<br>6525 Morrison Blvd, Suite 318 )<br>Charlotte, NC 28211 )<br>)<br>    Defendant. ) | Civil Action No.  21-2408 |

## **COMPLAINT AND JURY DEMAND**

The Plaintiff, 249 Missouri Ave Community Development LLC, by and through undersigned counsel, brings this complaint against the defendants, and alleges as follows:

1

**PRELIMINARY STATEMENT**

1.      Plaintiff sues the Defendants for trespassing, conversion, slander of title, breach of contract, and fraud and seeks compensatory and punitive damages from the Defendants.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1332.

3.      The parties are citizens or businesses that were incorporated in different States.

4.      The matter in controversy exceeds the sum or value of $75,000.

5.      Venue is proper in this Court because the Plaintiff was incorporated in the District of Columbia and owns the subject property that is located in the District of Columbia.

**PARTIES TO THIS ACTION**

6.      Plaintiff is a limited liability company that was formed in the District of Columbia.

7.      PHH Mortgage Corporation ("PHH") is a loan servicer that targets mortgagors that are in default on their mortgage loan. PHH is located at 1 Mortgage Way, Mount Laurel, NJ 08054.

8.      DGG Re Investments LLC ("DGG") is a property management company that manages properties for loan servicers. DGG uses the tradename Guardian Asset Management. DGG is located at One Oxford Valley, 2300 East Lincoln Highway, Suite 700, Langhorne, PA 19047.

9.      HSBC Bank USA, N.A. ("HSBC"), an American subsidiary of UK-based HSBC, is a bank with its operational head office in New York City and its nominal head office in McLean, Virginia. HSBC is a national bank chartered under the National Bank Act that has 159 locations.

10.     ACE Securities Corp. Home Equity Loan Trust, Series 2006-0P1 ("ACE") is registered with the U.S. Security and Exchange Commission ("SEC") as a business involved with asset-backed securities.

**FACTUAL ALLEGATIONS**

11. Benjamin Graves purchased the real property at 249 Missouri Avenue NW in Washington DC (the "Property").

12. Mr. Graves obtained a loan to purchase the Property and executed a promissory note and deed of trust as part of the loan transaction.

13. Plaintiff purchased the Property from Mr. Graves and currently owns the Property.

14. PHH claims that ACE owns the loan on the Property.

15. PHH claims ACE is a trust, and that HSBC is the trustee of the ACE trust.

16. PHH claims that it is the loan servicer for the loan on the Property.

17. PHH claims that HSBC and ACE hired it to service Plaintiff's loan.

18. ACE is not registered in any jurisdiction as a legal entity.

19. HSBC is not actively managing any assets to the ACE trust.

20. PHH claims the loan is in default.

21. PHH has caused a complaint for foreclosure on the Property to be filed on behalf of HSBC as trustee for the ACE trust.

22. PHH instructed DGG to enter into and make alterations to the Property.

23. PHH instructed DGG to change the locks on the Property.

24. Plaintiff was obstructed and prevented from entering its' Property for several months as a result of DGG changing the locks on the Property.

25. Plaintiff was unable to sell the Property due to its lack of access to its' Property.

26. While PHH has prevented Plaintiff from selling the Property, PHH continues to assess interest, charges, fees and other costs on the loan.

27. DGG's alterations to the Property included the removal of a floor that rendered the Property dangerous and uninhabitable.

28. Due to DGG's alterations, Plaintiff's market of buyers has been substantially decreased and limited to certain investors that are not willing to pay for the Property at a price that buyers in the wider market are willing to pay.

29. DGG had no right to enter into Property, let alone make alterations.

30. Plaintiff's representative contacted DGG and inquired into why DGG was performing alterations to the Property.

31. The DGG representative stated PHH owned the Property.

32. Plaintiff's representative advised the DGG representative that the Plaintiff still owned the Property and that DGG had no right to enter the Property and make alterations.

33. The DGG representative insisted that PHH owned the Property, changed the locks again and continued to make alterations to the Property.

34. Plaintiff was forced to get its attorney involved and incur legal fees to get the matter resolved.

35. PHH has assessed substantial fees and charges on the loan account for the alterations that DGG performed at the Property.

36. DGG was acting at the behest of PHH which claims it is working within the scope of loan servicing duties for HSBC and ACE.

37. While PHH has prevented Plaintiff from selling the Property, PHH continues to assess interest, charges, fees and other costs on the loan.

38. Defendants PHH, HSBC and ACE falsely state a lien securing a debt for over $365,000 is attached to the Property.

39.     Defendants communicated this falsity to third parties, including title companies that Plaintiff is relying on to process the sale of the Property.

40.     As a consequence of Defendants' false communications, the Plaintiff was not able to sell the Property to prospective buyers that decided not to continue through with the purchase after learning about Defendants' statement(s).

41.     Defendants' intentionally and purposely made the false statements for the purpose of forcing the Plaintiff to pay the Defendants over $365,000.

## **COUNT ONE: TRESPASS**

42.     Plaintiff reincorporates all the allegations above by reference.

43.     Plaintiff, as the owner of the property, has a possessory interest in the Property.

44.     Defendants, either directly or indirectly, caused certain persons to physically enter into the Property and make unauthorized alteration to the Property.

45.     Defendants' alterations to the Property substantially decreased the market value of the Property.

46.     Plaintiff received no notice and had no knowledge that the Defendants planned on entering the Property and making alterations to it.

47.     Plaintiff did not authorize the Defendants to enter the Property.

48.     The Defendants were not authorized by any loan documents to enter and make alterations to the Property.

49.     Plaintiff incurred actual damages as a result of Defendant's trespass, including but not limited, substantial loss of market value, unable to sell Property and realize a profit and increase assessments on the loan by Defendants.

## COUNT TWO: CONVERSION

50. Plaintiff reincorporates all the allegations above by reference.

51. The Defendants, either directly or indirectly, caused individuals to enter into the Property, make alterations and removed certain personal property (dolly, tools, etc.).

52. Defendants knows they have no legal right to enter into and make alterations to Property that they do not own but routinely do so if the Property is declared in default and believed to be vacant.

53. Defendants' motivation for such illegal acts is two-fold: to rack up fees and deter the borrower from questioning Defendants' authority to act under the terms of the Note.

54. Defendants' deliberate actions constitute malice as they intended to cause harm to Plaintiff as a tactic or method to financially benefit the Defendants.

55. Plaintiff incurred actual damages as a result of Defendants' conversion, including but not limited, substantial loss of market value, unable to sell Property and realize a profit, an increase in assessments on the loan by Defendants and economic lost from removal of personal property.

56. Plaintiff is entitled to compensatory damages, actual damages and punitive damages.

## COUNT THREE: SLANDER OF TITLE

57. Plaintiff reincorporates all the allegations above by reference.

58. Defendant PHH published slanderous words by stating to third parties, such as title companies, that Plaintiff owed over $365,000 for a lien held by ACE on the Property.

59. PHH knew the statement was false but made the false statement to cause Plaintiff to be forced to pay over $365,000 if it tried to sell the Property.

60. Plaintiff has suffered a loss of at least $100,000 by PHH's slanderous statements that prevented Plaintiff from selling the Property.

## COUNT FOUR: BREACH OF CONTRACT

61. Plaintiff reincorporates all the allegations above by reference.

62. The deed of trust and Note dictate Defendants' rights in the Property.

63. The deed of trust and/or Note require the Defendants to notify Plaintiff before the Defendants enter the Property.

64. The deed of trust and/or Note only permit—after *providing notice*—the Defendants to change the locks or winterize the Property of make other reasonable changes to the Property.

65. The deed of trust and/or Note further states that the Defendants must have reasonable cause to enter the Property

66. The deed of trust and/or Note did not authorize Defendants to remove the floor or make other alterations that decreases the value of the Property.

67. The Defendants did not have a reasonable cause to enter the Property in the first place, much less to enter the Property and cause damage to the Property.

68. Plaintiff incurred actual damages as a result of Defendants' breach, including but not limited, substantial loss of market value, unable to sell Property and realize a profit, an increase in assessments on the loan by Defendants and economic lost from removal of personal property

69. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

## DEMAND FOR TRIAL BY JURY

70. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court award $200,000 in actual damages for Counts I thru IV;

B.       That the Court award $500,000 in punitive damages for Counts I thru III; and

C.       That the Court award costs and any reasonable attorneys' fees.

Respectfully submitted,

**249 MISSOURI AVE COMMUNITY DEVELOPMENT LLC**

*/s/ Jeffrey W. Styles*
Jeffrey W. Styles, Esquire
Washington Legal Group, LLC
1666 K Street, NW, Ste #440
Washington, DC 20006
Tel: (202) 503-1708
E-mail: jstyles@washlegal.com

*Counsel for Plaintiff*